# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CARL MORGAN,

          Plaintiff,

    v.

FINANCIAL CREDIT NETWORK, INC.,

          Defendant.           /

Case No. 1:26-cv-01468-SKO

**FINDINGS AND RECOMMENDATIONS THAT ACTION PROCEED AGAINST DEFENDANT MV TRANSPORTATION, INC. AND PLAINTIFF'S CLAIMS AGAINST DEFENDANTS MARC ANAYA AND SCOTT GERMANN BE DISMISSED**

(Doc. 1)

**OBJECTIONS DUE: 21 DAYS**

<u>Clerk to Assign District Judge</u>

## I.      BACKGROUND

Plaintiff Carl Morgan is proceeding *pro se* and *in forma pauperis* in this civil action brought against Defendant Financial Credit Network, Inc. pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2, and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692f, 1692g(b). (Doc. 1).

**A.    Screening Requirement and Standard**

The Court is required to screen complaints in cases where the plaintiff is proceeding in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 28 U.S.C. § 1915(e)(2)(B). If the Court determines that the complaint fails to state a claim, leave to

amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (*en banc*).

The Court's screening of the complaint is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Plaintiff must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**B.      Pleading Requirements**

Under Federal Rule of Civil Procedure 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since Plaintiff is appearing pro se, the Court must construe the allegations of his complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the

speculative level." *See Twombly*, 550 U.S. at 555 (internal citations omitted); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citations omitted)).

## II.    DISCUSSION

The Court has screened Plaintiff's Complaint pursuant to 28 U.S.C. § 1915 and finds that it states cognizable claims against Defendant Financial Credit Network, Inc. as to counts one, two, and six for violations of the Fair Debt Collection Practices Act pursuant to section 1692g(b), 1692e and the Fair Credit Reporting Act pursuant to 15 U.S.C. § 1681s-2(b). *See* Fed. R. Civ. P. 8(a); *Chavira v. U.S. Dep't of Educ.*, No. 119CV00538DADSAB, 2022 WL 1082568 (E.D. Cal. Apr. 11, 2022) (setting forth the elements of violations of 15 U.S.C. §§ 1692g and 1692e); *Roybal v. Equifax*, No. 2:05CV01207MCEKJM, 2008 WL 4532447 (E.D. Cal. Oct. 9, 2008) (setting forth the elements to establish a violation of the Fair Credit Reporting Act); *Aranda v. Nissan Motor Acceptance Corp.*, No. 221CV03451CBMPDX, 2023 WL 3564931, at *2 (C.D. Cal. Mar. 21, 2023) (same); *see also Flores v. Missouri Higher Education Authority*, 1:25-cv-00940-JLT-SKO (E.D. Cal. Sept. 29, 2025) (finding similar claims cognizable and authorizing service).

As to counts three, four, and five, the undersigned finds that 15 U.S.C. § 1681s-2(a) does not provide for enforcement in the form of a private right of action and therefore recommends that these counts should be dismissed with prejudice. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009); *Nelson v. Chase Manhattan Mortg. Corp.,* 282 F.3d 1057, 1059-60 (9th Cir. 2002)); *Somers v. Bank of Am., N.A*, No. CV 19-01424-CBM-PLAX, 2019 WL 4238884, at *2 (C.D. Cal. June 28, 2019); *Khankin v. JLR San Jose, LLC*, No. 3:23-CV-06145-JSC, 2024 WL 2274445, at *1 (N.D. Cal. May 17, 2024).

## III.    CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court RECOMMENDS that (1) Plaintiff be allowed to proceed as to his first, second, and sixth claims against Defendant Financial Credit Network, Inc.,

and (2) the Court dismiss counts three, four, and five with prejudice.

**Within twenty-one (21) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court DIRECTS the Clerk of Court to send a copy of this Order to Plaintiff at their address as listed on the docket for this matter. The Court further DIRECTS the Clerk to assign a District Judge.

IT IS SO ORDERED.

Dated:   **March 10, 2026**                          /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE